JS 44 (Rev. 02/19) JS

# CIVIL COVER SHEET

19 2770

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ANDREW R. PERRONG
1657 THE FAIRWAY #131, JENKINTOWN, PA 19046

**(b)** County of Residence of First Listed Plaintiff: MONTGOMERY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

ANDREW R. PERRONG (PRO SE)
1657 THE FAIRWAY #131, JENKINTOWN, PA 19046
215-791-6957

## DEFENDANTS

CARGUARDIAN WARRANTY, LLC
7071 WARNER AVE #F-406 HUNTINGTON BEACH, CA 92647

County of Residence of First Listed Defendant: ORANGE
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TELEPHONE CONSUMER PROTECTION ACT "TCPA" 47 USC 227; 47 CFR 64.1200

Brief description of cause:
DEFENDANTS CALLED PLAINTIFF IN VIOLATION OF THE TCPA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 36,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 06/24/2019

SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

JS

19 2770

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1657 The Fairway #131 Jenkintown, PA 19046

Address of Defendant: 7071 WARNER AVE #F-406 HUNTINGTON BEACH, CA 92647

Place of Accident, Incident or Transaction: By telephone call to my private telephone.

***RELATED CASE, IF ANY:***

Case Number: ______ Judge: ______ Date Terminated: ______

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/24/2019 [signature] *Attorney-at-Law / Pro Se Plaintiff* ______ *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

*A. Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases *(Please specify):* TCPA, 47 USC 227

*B. Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* ______
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* ______

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Andrew R. Perrong, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 06/24/2019 [signature] *Attorney-at-Law / Pro Se Plaintiff* ______ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

ANDREW PERRONG : CIVIL ACTION

v.

CARGUARDIAN WARRANTY, LLC
Et Al : NO. 19 2770

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

| 6/24/2019 | Andrew Perrong | PLAINTIFF PRO SE |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-791-6957 | 888-329-0305 | ANDYPERRONG@GMAIL.COM |
| **Telephone** | **FAX Number** | **E-Mail Address** |



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANDREW R. PERRONG**<br>**1657 The Fairway #131 Jenkintown, PA 19046**<br><br>**Plaintiff,**<br>**vs.**<br><br>**CARGUARDIAN WARRANTY, LLC**<br>**d/b/a "CarGuardian"**<br>**7071 WARNER AVE #F-406**<br>**HUNTINGTON BEACH, CA 92647,**<br><br>**RYAN CHRISTOPHER EARL,**<br>**Individually and as Principal of CarGuardian,**<br>**1891 SANDWOOD PL**<br>**TUSTIN, CA 92780,**<br><br>**and**<br>**DOES 1 through 100, inclusive,**<br><br>**Defendants.** | **Civil Action No.** 19 2770<br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Jury Trial Demanded** |

Plaintiff ANDREW R. PERRONG brings this action for damages, restitution, reinstatement, statutory damages, punitive damages, sanctions, interest, court costs, and injunctive relief under rights pursuant to Federal Statute under 47 U.S.C. 227, and 47 C.F.R. 64 for the *ultra vires* illegal actions and deliberate and knowing tortious activity of CARGUARDIAN WARRANTY, LLC d/b/a "CarGuardian" ("CarGuardian"), RYAN CHRISTOPHER EARL, Individually and as Principal of CarGuardian ("EARL"), and Does 1 through 100, inclusive, in negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls"), by utilization of an automatic telephone dialing system, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and related

claims that form part of the same claim or controversy. Plaintiff demands a trial by jury, and complains and alleges as follows:

## I. Introduction

1. Defendant CARGUARDIAN WARRANTY, LLC ("CarGuardian") is a company located and domestically incorporated in the State of California. CARGUARDIAN WARRANTY, LLC does business under the name "CarGuardian". CarGuardian markets, and sells, *inter alia,* vehicle service plans to individuals throughout Pennsylvania and other states in the US. Its principal mailing address and address for service of process is located at 7071 Warner Ave #F-406, HUNTINGTON BEACH, CA 92647.

2. Plaintiff brings this action to challenge CarGuardian's practices in the telephone solicitation of their products and services. Specifically, Plaintiff challenges CarGuardian and CarGuardian's agents' illegal telephone solicitations by which they markets their products and services, illegal Calls made using an automatic telephone dialing system and robocalls, and failure to maintain a Do-Not-Call policy or list in connection therewith.

3. All of the claims asserted herein arise out of CarGuardian's illegal telephone solicitation campaign and are a common fact pattern.

## Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that Defendants conduct business in, and a substantial part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Bucks and Montgomery Counties, which lie within this judicial district, pursuant to 28 U.S.C. §118. Plaintiff received the phone calls to a 215-area code number, registered in this judicial district. Each of the Defendants has sufficient minimum

contacts with this District, and otherwise purposely avail themselves of the markets in this District. Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case, which held that "venue is proper in the district where [plaintiff] resides because the injury did not occur when the facsimile was sent… ; it occurred when the [facsimile] was received."

## II. Parties

6. Plaintiff ANDREW PERRONG ("Plaintiff") is an individual who received the alleged phone calls on his private telephone line mentioned herein. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania who may be mailed at 1657 The Fairway #131 Jenkintown, PA 19046.

7. Defendant CARGUARDIAN WARRANTY, LLC ("CarGuardian") is a company located and domestically incorporated in the State of California. CARGUARDIAN WARRANTY, LLC does business under the name "CarGuardian". CarGuardian markets, and sells, *inter alia,* vehicle service plans to individuals throughout Pennsylvania and other states in the US. Its principal mailing address and address for service of process is located at 7071 Warner Ave #F-406, HUNTINGTON BEACH, CA 92647.

8. Defendant RYAN CHRISTOPHER EARL ("EARL") is an adult individual who is the Primary Owner of CarGuardian. EARL is an adult individual, and citizen of the United States. As Principal of CarGuardian, EARL is the primary individual who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in CarGuardian's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in California, Pennsylvania, and nationwide.

9. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued

as Does 1 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

10. At all times herein mentioned, CarGuardian, EARL, and the Doe Defendants, (collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

11. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

12. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

13. The TCPA imposes personal liability on individuals who participate in or commission telemarketing calls.

14. Under the TCPA, an individual such as EARL may be personally liable for the acts

alleged in this Complaint pursuant to 47 U.S.C. § 217, the Communications Act of 1934, as amended, of which the TCPA is a part, which reads, *inter alia*: "[T]he act, omission, or failure of any agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." 47 U.S.C. § 217 (emphasis added).

15. When considering individual officer liability, other Courts have agreed that a Corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See*, e.g., *Jackson v. Five Star Catering, Inc., v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013), which stated that "[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'" *See also Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011), stating that "If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force."

## III. Factual Allegations

16. In or about March 5th, 2019, Plaintiff received the first of multiple calls made using an automatic telephone dialing system ("ATDS") or robocall by Defendants and/or their agents at Plaintiff's personal telephone number, 215-338-3458, for which he is charged for the call. Plaintiff had not consented to this solicitation, and Plaintiff's telephone number was on the Federal Do-Not-Call Registry.

17. This first call, received at 4:50 PM, as well as subsequent calls, bore the Caller ID 215-660-1324 and the name "SOUDERTON PA", but was not answered by Plaintiff because he was busy. The caller left no voicemail message.

18. This call was placed using an Automatic Telephone Dialing System ("ATDS" or "robocalls") because such systems often do not have the capacity to leave a message, and will simply disconnect the call for cost and efficiency.

19. Plaintiff then received a call on March 21st, at 10:46 AM, but was not answered by Plaintiff because he was busy. The caller left no voicemail message.

20. Plaintiff then received a call on March 26th, at 3:22 PM, but was not answered by Plaintiff because he was busy. The caller left no voicemail message.

21. For the reasons described above, these calls were made using an ATDS as well.

22. The onslaught of calls continued on April 1 at 10:50 AM. Plaintiff answered this call and heard dead air. Plaintiff then heard a sound akin to a "ding" of a bell, and was connected to an agent of Defendants, "Oscar" from "Roadside of America".

23. True to the spirit of April Fools' Day, the caller fooled Plaintiff into thinking that his vehicle warranty was about to expire, and misrepresented his company as "Roadside of America," which is a real company, but which is a miniature figurine museum in Shartlesville, PA, Berks County, and which has nothing to do with automobile warranties. Plaintiff provided "Oscar" the information that he owned a 2010 Toyota Camry with 80,000 miles in order to track the call and investigate the caller and for no other reason.

24. "Oscar" thought he was contacting an individual in Indiana, not Pennsylvania. "Oscar" had no clue as to the person he was calling.

25. Never in his life has Plaintiff owned or even driven a 2010 Toyota Camry, nor lived in Indiana.

26. Plaintiff was then transferred to "Sharday," a "coverage specialist," who temporarily

transferred Plaintiff to "Freddie" in the "authorization department," who confirmed coverage and sent the call back to "Sharday," but not before clarifying that he was calling from an outbound-only telemarketing call center that does not have an inbound telephone number, and that any sale made would have to be during the call.

27. Because the caller was being evasive with the true name of the company, Plaintiff knew that it would not be easy, or potentially impossible, to identify the caller without placing an order. Plaintiff played along with Defendant's script to identify the caller and for no other reason. After listening to a 10-minute long scripted sales pitch, Plaintiff agreed to purchase a 5-year protection plan from CarGuardian, serviced by Omega Auto Care. In addition, after making the sale, "Sharday" finally confirmed the call to be coming from CarGuardian, and provided Plaintiff with CarGuardian's toll-free telephone number, 800-279-1503, and a customer ID number, DIVR016696.

28. To make absolutely certain that the call was being placed by CarGuardian, and not an April Fools' Day impostor, Plaintiff was transferred to "Priscilla" in the "third-party verification department." "Priscilla" confirmed all the information, including the telephone number Plaintiff received the call on, on a recorded line. Plaintiff provided his Discover credit card number to process the initial charge in the amount of $395.00 but locked the card so that the charge for the down payment (and any future payments) would not go through. Plaintiff received a confirmation number of 24799490.

29. Plaintiff received an e-mail from his card issuer at 11:09 AM, indicating an attempted charge for $395.00 from "CARGUARDIAN" as a result of the illegal phone call.

30. Plaintiff explained to "Priscilla" that the charge was declined, that the policy and

telephone call were illegal and fraudulent, and that he would call CarGuardian back if he ever wanted to purchase a policy from them in the future.

31. This call was placed using an ATDS because of the delay to be connected to a representative, as well as the "ding" sound made when the call was connected to a representative.

32. ATDS systems often play a tone, audible to both parties, to confirm that the automated dialer has detected a live person on the callee's end and that an agent in the call center has been connected to the callee. For instance, the ViciDial ATDS plays a copyrighted "balloon popping" sound. In this case, the ATDS played a "ding" sound.

33. Thereafter, at 11:15 AM on April 1, Plaintiff received an automated call from "Sharday" again. She stated that the card was declined, and Plaintiff reiterated what he told "Priscilla," namely that the policy was being fraudulently sold and that he would contact CarGuardian to purchase a policy if he was ever interested again.

34. Despite this clear indication not to be contacted, Plaintiff received a final automated "salvo" call from "Sharday" on April 1 at 1:45 PM. Upset, annoyed, and incensed that Defendants continued to call him, Plaintiff yelled into the phone that he did not want to be contacted.

35. Based on the inaccurate information of Plaintiff living in Indiana, despite calling a 215-area code, and not knowing what car Plaintiff drove, or even who Plaintiff was during the call and its scripted nature, it is clear that these messages were sent *en masse* to thousands of victims whose car warranties were "expiring," on or about the same times that the Plaintiff received his. Moreover, the inability to process voicemails or human "hello" indicates that no human being was on the line until plaintiff answered the telephone, upon which time the autodialer connected Plaintiff to the caller. No normal person cold calls people and then claims

that they do not know who they are, and claim that they live in a state they have never lived in. The calls were therefore clearly sent using a scripted "automatic telephone dialing system."

36. Since all the calls came from the same caller ID, it is probable and further evidence that the same telephone system was used to place all the calls to Plaintiff. Despite being located in Pennsylvania, Defendants used a local Caller ID number to mislead call recipients into believing the call was local, so there would be a better chance that they would answer. This is also consistent with the use of an ATDS.

37. Based on the averments above, Plaintiff has demonstrated that these calls and that this system was an automatic telephone dialing system ("ATDS" or "autodialer") as that term is defined in 47 U.S.C. § 227(a)(1).

38. To the best of Plaintiff's knowledge, none of the Defendants are licensed under any authority or capacity to sell insurance or vehicle service plans, or authorized to represent that they are calling on behalf of any automaker or that the plan is in any way authorized by any automaker or dealership.

39. This is not Plaintiff's first or even second run-in with Defendants, and it is not Defendants' first time being sued for violating the TCPA. The Plaintiff has previously received automated telemarketing calls from Defendants and altered them that those calls violated the TCPA. Plaintiff had previously spoken to Defendant EARL regarding TCPA compliance, alleged prior violations of the TCPA, and had requested Defendants' Do-Not-Call policy and requested to be placed on Defendants' Do-Not-Call list.

40. During these contacts, EARL took personal responsibility for the actions of his call center and took personal responsibility for TCPA compliance, as well as assured Plaintiff on two different occasions that he would not get called again.

41. Despite having done so, Plaintiff never received a copy of Defendants' Do-Not-Call policy, and it is clear that Defendants neither maintain nor placed Plaintiff on their Do-Not-Call list, up to and including the date of this filing.

42. Because Plaintiff asked to receive Defendants' Do-Not-Call policy and did not, it is evident that Defendants do not maintain such a policy. Likewise, based on this fact, and the fact that Defendants have no clue who they are calling and use trickery and confusion to make a sales pitch and do not honor Do-Not-Call requests, it is clear that Defendants do not have any Do-Not-Call lists or procedures in place. Based on the nature of their illegal activities, Defendants' noncompliance with the law in this regard is unsurprising.

43. Plaintiff received the calls on his private telephone, which is a telephone for which he is charged for the calls, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

44. Defendant EARL is personally liable under the "participation theory" of liability because he is the Principal owner and controlling officer of CarGuardian, knew of CarGuardian's violations, and directed employees and/or agents of CarGuardian to continue making those violations. Furthermore, EARL is personally liable because he is personally responsible for ensuring CarGuardian's employees' TCPA compliance, and has articulated this to Plaintiff in the past. EARL, upon information and belief, is the final authority to how his business is marketed and oversees payments of his employees, and controls the bank accounts through which his CarGuardian orchestrates its illegal telemarketing schemes. EARL has no way to continue marketing his business, upon the admission of his agents, were it not for outbound telemarketing. Furthermore, upon information and belief, the telephone number from which Plaintiff received the call and CarGuardian's website are registered to EARL.

45. The TCPA makes it unlawful "to make any call (other than a call made for

emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice… to any telephone number assigned to a… cellular telephone service… or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii). As stated immediately above, the calls were placed using an automatic telephone dialing system to Plaintiff's private telephone line, on which he is charged for the call.

46. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

47. Plaintiff was harmed by the calls. He was temporarily deprived of legitimate use of his phone because his phone line was tied up, he was charged by the minute, he wasted energy and stress in answering calls, his telephone batteries and electricity were depleted, he was charged for the calls, including for unanswered calls by virtue of caller ID lookup, and his privacy was improperly invaded. Moreover, the calls injured plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

48. Plaintiff adequately confirmed corporate identity for each and every call so as to establish liability of Defendants, as more fully outlined above.

49. These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

50. Plaintiff did not provide any one, more, or all Defendants, nor any agent of Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone calls on his personal telephone that utilized an "automatic telephone dialing system" or otherwise to transmit a message or make calls.

51. As a point of fact, to the extent that "consent" was supplied during the calls, that was

done in order to discover the identity of the caller and for no other reason. Courts have held this to be legitimate and have not held such "consent" to be detrimental to a plaintiff bringing a TCPA action. *See* for instance, Bank v. Caribbean Cruise Line, which held that "Purporting to obtain consent during the call, such as requesting that a consumer "press 1" to receive further information, does not constitute the prior consent necessary to deliver the message in the first place, as the request to "press 1" is part of the telemarketing call.... As the FCC has stated, the consent must be made before the call."

52. Plaintiff had no prior business relationship with any one, more, or all of Defendants.

53. The telephone Sales Calls therefore violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(c)(3)(F), 47 U.S.C. § 227(e), 47 CFR 64.1200(d)(1), 47 CFR 64.1200(d)(3), 47 CFR § 64.1200(a)(1)(iii), 47 CFR § 64.1200(a)(1), and 47 C.F.R. 64.1200(c)(2).

## IV. Causes Of Action

### First Cause of Action

(Negligent Violation of the TCPA "ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

54. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

55. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

56. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**Second Cause of Action**

(Knowing and/or Willful Violation of the TCPA "ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

57. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

58. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

59. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**Third Cause of Action**

(Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

60. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

61. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

62. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**Fourth Cause of Action**

(Knowing and/or Willful Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

63. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

64. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

65. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**Fifth Cause of Action**

(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

66. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

67. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

**Sixth Cause of Action**

(Knowing and/or Willful Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

68. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

69. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

**Seventh Cause of Action**

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

70. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

71. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

**Eighth Cause of Action**
(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

72. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

73. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

**WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**

## V. Prayer for Relief

On Causes of Action 1-8:

1. For awards of $500 for each negligent violation as set forth in actions 1-8;

2. For awards of $1,500 for each knowing/willful violation as set forth in actions 1-8.

3. Injunctive relief against Defendants, and each of them, to prevent future wrongdoing;

Total statutory damages: : **$36,000** (Six counts each of: sales call, ATDS call, failure to put Plaintiff's number on Defendants' Do-Not-Call list, failure to provide Plaintiff a copy of Defendants' Do-Not-Call policy, at $500 per count of each, with treble damages for each.)

4. Punitive damages to punish Defendants for their willful, illegal, and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

5. Prejudgment interest at the maximum legal rate;

6. Costs of suit herein incurred; and

7. All such other and further relief as the Court deems proper.

## VI. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: **June 24, 2019**

/s/

Andrew Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com